UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK IANTOSCA,<br><br>                              Plaintiff,<br><br>- against -<br><br><br>ELIE TAHARI, LTD.<br><br>                              Defendant. | Case No. 1:19-cv-04527 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

# UNCONTROVERTED STATEMENT OF FACTS

Iantosca is a professional photographer. [Plaintiff's Statement Pursuant to Local Rule 56.1 ("56.1") ¶ 1] Defendant is a luxury clothing designer. [56.1 ¶ 2] Defendant owns and operates social medias pages at the URL's: www.Instagram.com/ElieTahari, www.Facebook.com/elietahari, and www.Twitter.com/ElieTahari (the "Websites") [56.1 ¶ 3]

On or about February 7, 2019, Plaintiff photographed digital content creator Linh Niller (the "Photograph"). [56.1 ¶ 4] The Photograph was published on February 7, 2019. [56.1 ¶ 8]

On or about February 20, 2019, Defendant Elie Tahari ran the Photograph on the Websites to promote their brand. (the "Infringing Posts"). [56.1 ¶ 6] As part of the Infringing Posts, Defendant prominently displayed the Photograph. [56.1 ¶ 7] Defendant did not seek Plaintiff's permission to publish the Photograph. [56.1 ¶ 8] Defendant did not have a license to publish the Photograph. [56.1 ¶ 9]

Plaintiff's counsel in this action, Liebowitz Law Firm, PLLC (the "Firm"), follows a routine practice of registering photographs with the U.S. Copyright Office (the "USCO") on behalf of the Firm's clients. [56.1 ¶ 10] On or about April 28, 2019, the Firm deposited the Photograph with the USCO as part of an application for copyright registration. [56.1 ¶ 11] Plaintiff is in possession of a registration certificate for the Photograph, bearing number VA # 2-150-161, with effective date April 28, 2019 (the "161 Registration") [56.1 ¶ 12] Plaintiff obtained the 161 Registration on April 28, 2019, within five years after first publication of the Photograph [56.1 ¶¶ 13] The Firm's registration of the Photograph on Plaintiff's behalf was carried out in accordance with the Firm's routine practice of registering photographs with the USCO on behalf of its clients. [56.1 ¶ 14]

Defendant did not file a responsive pleading in this action. [56.1 ¶ 15]

## ARGUMENT

On a plaintiff's motion for summary judgment, the Court may determine liability against a defendant on plaintiff's copyright infringement claim under 17 U.S.C. § 501, *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992); *Sands v CBS Interactive Inc.,* 18-CV-7345 (JSR), 2019 WL 1447014, at *1 (SDNY Mar. 13, 2019).

To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998).

### A.    PLAINTIFF OWNS A VALID COPYRIGHT

"A certificate of registration from the U.S. Register of Copyrights constitutes prima facie evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration." *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F.Supp.3d 395, 401 (S.D.N.Y. 2016) ("Gossip Cop") (citing 17 U.S.C. § 410(c)).  A certificate of copyright registration is prima facie evidence of both valid ownership of copyright and originality. *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012).  To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005).

Here, Plaintiff is in possession of a certificate of the 161 Registration from the USCO. [56.1, ¶ 12]  The registration of the Photograph was carried out in accordance with the Liebowitz Law Firm's routine practice of registering photographs on behalf of its clients. [56.1, ¶ 14] *See* F.R.E. 406 (evidence showing "an organization's routine practice may be admitted to prove that

on a particular occasion the . . . organization acted in accordance with the . . . routine practice."); *Gossip Cop*, 196 F.Supp.3d at 403. Further, Richard Liebowitz, an attorney whose name appears on the face of the 161 Registration, swears that the Photograph is on deposit with the USCO. [56.1 ¶ 11] *See Goodman v. Universal Beauty*, 17-cv-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. March 9, 2018) (finding on summary judgment that Liebowitz's sworn declaration was sufficient to show that photograph was on deposit with the applicable registration certificate).

There is no dispute that 0161 Registration was obtained within five years after first publication of the work. [56.1 ¶ 13] Accordingly, the 161 Registration serves as prima facie evidence of Plaintiff'as valid copyright ownership in the Photograph. *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 455 (2d Cir. 1989). "The validity of a registration may be rebutted by proof of a certificate holder's fraud on the Copyright Office, though the party seeking to establish such fraud bears a 'heavy burden.'" *Gossip Cop*, 196 F.Supp.3d at 401 (citation omitted). *See also Fonar Corp. v. Domenick*, 105 F.3d 99, 105 (2d Cir. 1997) ("the presumption [of validity] may be overcome only by 'proof of deliberate misrepresentation.'").

Here, Defendant has failed to produce any evidence that Plaintiff or his counsel defrauded the USCO upon obtaining the 161 Registration. Accordingly, there is no issue of material fact concerning the validity of the 161 Registration and summary judgment should be granted on the issue of Plaintiff's copyright ownership of the Photograph..

**B.  DEFENDANT ACTUALLY COPIED PLAINTIFF'S PHOTOGRAPH WITHOUT AUTHORIZATION**

To satisfy the second element of an infringement claim, a plaintiff must show both that his work was "actually copied" and that the portion copied amounts to an "improper or unlawful appropriation." *Castle Rock*, 150 F.3d at 137 (citations omitted).

Here, Defendant copied the Photograph and displayed it on the Websites. [56.1 ¶ 6] The Court can determine as a matter of law that actual copying took place because the Photograph displayed on the Websites is identical to Plaintiff's original photograph. *See Otto v. Hearst Commc'ns, Inc.*, No. 1:17-CV-4712-GHW, 2018 WL 6510801 at *6 (S.D.N.Y. Dec. 10, 2018) (finding actual copying took place where "the parties do not contest the fact that Hearst actually copied Otto's photograph for its use in the Esquire Article, nor that the works are substantially similar because they are the same photograph.")

Further, Defendant did not obtain Plaintiff's permission to publish the Photograph on the Websites. [56.1, ¶¶ 8-9] As such, Defendant violated Plaintiff's' exclusive rights under section 106 of the Copyright Act because Defendant's actual copying amounted to "an improper and unlawful appropriation." *Castle Rock*, 150 F.3d at 137; *see also Otto,* 2018 WL 6510801 at *6 ("*Otto*") ("The parties do not dispute Hearst did not have Otto's permission to use the Photograph, making the appropriation unlawful.") In sum, there is no genuine issue of material fact concerning the two elements of Sands' copyright infringement claim.

C.   **DEFENDANT HAS FAILED TO ASSERT ANY AFFIRMATIVE DEFENSES**

Defendant, although making an appearance through counsel, did not file a responsive pleading in this action. [56.1 ¶ 15] Accordingly, as Defendant has failed to timely aver any affirmative defenses, the Court need only analyze whether Plaintiff has satisfied the elements of his principal claim, as per Point A-B, *supra.*

## CONCLUSION

For the foregoing reasons, Plaintiff Mark Iantosca's motion for summary judgment on liability for copyright infringement against Defendant Elie Tahari, Ltd. should be GRANTED in

its entirety. Plaintiff respectfully submits that the Court should refer this case to the Magistrate Judge for purposes of an inquest on damages.

                              Respectfully Submitted,
                              LIEBOWITZ LAW FIRM, PLLC

                              by: **/richardliebowitz/**
                              Richard Liebowitz
                              11 Sunrise Plaza, Suite 305
                              Valley Stream, NY 11580
                              (516) 233-1660
                              rl@liebowtizlawfirm.com

                              *Counsel for Plaintiff*