UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK IANTOSCA,

                               Plaintiff,

- against -

ELIE TAHARI, LTD.

                               Defendant.

Case No. 1:19-cv-04527 (JSR)

**DECLARATION OF
RICHARD LIEBOWITZ**

**RICHARD LIEBOWITZ**, under the penalty of perjury, declares:

1.       I am an attorney with Liebowitz Law Firm, PLLC (the "Firm"), where I am the founder and managing attorney.

2.       I am over the age of 18 years old, competent to testify and a member in good standing of the New York State Bar.  I am admitted to practice before this Court and serve as lead counsel for Plaintiff Mark Iantosca ("Plaintiff").

3.       I submit this declaration in support of Plaintiff's motion for partial summary judgment on liability for copyright infringement under 17 U.S.C. § 501 against Defendant Elie Tahari, Ltd. ("Defendant").

**Plaintiff Mark Iantosca**

4.       Plaintiff is a professional photographer.

**Defendant Elie Tahari, Ltd.**

5.       Defendant is a luxury clothing designer.

6.       Defendant owns and operates social medias pages at the URL's: www.Instagram.com/ElieTahari, www.Facebook.com/elietahari, and www.Twitter.com/ElieTahari (the "Websites").

**Plaintiff's Photograph of Linh Niller– February 7, 2019**

7.     On or about February 7, 2019, Plaintiff photographed digital content creator Linh Niller (the "Photograph").   Attached as Exhibit A to the initial Complaint [Dkt. #1-1] is a true and correct copy of the Photograph.

8.     The Photograph was published on February 7, 2019.

**Defendant's Infringing Uses**

9.     On or about February 20, 2019, Defendant Elie Tahari ran the Photograph on the Websites to promote their brand. See:

https://twitter.com/ElieTahari/status/1098397402791374849,

https://www.facebook.com/elietahari/photos/a.123135715829/10158119397520830/?type=3&theater, and https://www.instagram.com/p/BuHE6mPjigh/ (the "Infringing Posts"). Attached as Exhibit B to the initial Complaint [Dkt. #1-2] are true and correct copies of the Infringing Posts.

10.     As part of the Infringing Posts, Defendant prominently displayed the Photograph.

**Defendant's Lack of Authorization**

11.     Defendant did not seek Plaintiff's permission to publish the Photograph.

12.     Defendant did not have a license to publish the Photograph.

**Copyright Registration of Plaintiff's Photograph**

13.     The Firm specializes in enforcing the copyrighted works of photographers and, in the last three years, has filed over one thousand copyright infringement cases in this District and the Eastern District of New York on behalf of photographers.

14.     It is the Firm's routine practice to register photographs with the U.S. Copyright Office (the "USCO") on behalf of the Firm's clients.

15.     On or about April 28, 2019, the Firm submitted an application to the USCO for copyright registration of Plaintiff's photograph of Linh Niller and deposited the Photograph with the USCO.

16.     The USCO thereafter registered the Photograph as part of registration number VA 2-150-161, with effective date April 28, 2019 (the "161 Registration"). My name appears on the face of the 161 Registration under the section entitled "Certification". A true and correct copy of the 161 Registration, as obtained from the U.S. Copyright Office website, is attached hereto as Exhibit A.

17.     The registration of the Photograph on behalf of Plaintiff was carried out in accordance with the Firm's routine practice of registering clients' photographs with the USCO.

**Operative Pleadings**

18.     Attached as Exhibit B is a true and correct copy of the original Complaint filed in this action, plus exhibits. [Dkt. #1]

19.     Defendant never filed an answer in this action.


Dated: Valley Stream, New York
Executed this 8th Day of November, 2019


                                        **s/richardliebowitz/**
                                        RICHARD LIEBOWITZ