UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK IANTOSCA,                               :
                                             :
                         Plaintiff,          :         **SCHEDULING ORDER FOR**
      -v.-                                    :         **DAMAGES INQUEST**
                                             :
ELIE TAHARI, LTD.,                           :         19-CV-4527 (JSR) (JLC)
                                             :
                         Defendant.          :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

On December 9, 2019, Judge Rakoff granted a default judgment against

defendant (Dkt. No. 21) and on the same day referred this case to me to conduct an

inquest into damages (Dkt. No. 20).  The Court hereby directs plaintiff to make any

submissions related to the inquest by **January 6, 2020**.  Plaintiff shall file proof of

service of his submissions and include with them a copy of this Order.  Defendant

shall submit its response to plaintiff's submissions no later than **January 27, 2020**,

at which point the matter will be considered fully submitted.

In particular, plaintiff should submit Proposed Findings of Facts and

Conclusions of Law that establish defendant's liability as a matter of law.  In cases

of default judgment, the "court is required to accept all of the [plaintiffs'] factual

allegations as true and draw all reasonable inferences in [plaintiffs'] favor, [. . .] but

it is also required to determine whether the [plaintiffs'] allegations establish [the

defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d

Cir. 2009); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)

("[A] district court has discretion under Rule 55(b)(2) once a default is determined to

require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action . . . ." (citation omitted)). "In other words, because a defendant's default only establishes its liability based on the well-pleaded allegations of the complaint, the court must still scrutinize the plaintiff's pleading and find the claims sufficiently pleaded." *Vera v. Donado Law Firm*, No. 17-CV-3123 (LGS) (DF), 2019 WL 3306117, at *4 (S.D.N.Y. June 19, 2019), *adopted by* No. 17-CV-3123 (LGS), 2019 WL 3302607 (S.D.N.Y. July 23, 2019*). See also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 313 (S.D.N.Y. 2014) ("[S]ince the allegations in the complaint must be 'well-pleaded,' we are required to examine whether those factual allegations, if deemed true, establish liability.") (citing *Finkel*, 577 F.3d at 84)).

Additionally, plaintiff should include in his submission evidence to support any claim of damages. In the context of a default, allegations in a pleading pertaining to damages are not deemed admitted. *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing *Finkel*, 577 F.3d at 84), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014). Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2). Here, it appears that defendant credited plaintiff for the photograph at issue in this lawsuit. Complaint ¶

10, Exhibit B. Accordingly, plaintiff should specifically address how he was damaged, assuming a copyright violation occurred.

As to any request for attorney's fees and costs, the Court directs plaintiff's counsel to provide his year of admission to the bar, cite to authority in support of his hourly rate (*i.e.* other decisions that have supported the rate sought), and provide any documentation he has in support of his costs. *See, e.g., Sanchez v. Jyp Foods Inc.*, No. 16-CV-4472 (JLC), 2018 WL 4502008 (S.D.N.Y. Sept. 20, 2018) (without adequate substantiation, a party is not entitled to recover costs).

Finally, the Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that either party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED.**

Dated: December 11, 2019
New York, New York

JAMES L. COTT
United States Magistrate Judge

3