UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK IANTOSCA

                  Plaintiff,

               -against-

ELIE TAHARI LTD.,

                  Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2020

1:19-cv-4527-MKV

ORDER VACATING
DEFAULT JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of Defendant's Motion to Vacate the Default Judgment [ECF No. 28].

      Defendant has repeatedly filed papers late, requested last minute extensions, or entirely failed to submit documents. Those it has submitted have routinely not met the standards expected of litigants in this Court. On December 12, 2019, Judge Rakoff ruled from the bench and issued a Default Judgment against the Defendant. [ECF No. 21].

      Defendant then filed a Motion to Vacate the Default Judgment on January 8, 2020.[1] [ECF No. 28]. Federal Rules of Civil Procedure 55(c) and 60(b) give courts the authority to set aside a Certificate of Default upon a showing of "good cause." While this decision is within the "sound discretion" of this Court, the Second Circuit has established three criteria to consider:[2] "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*,

---

[1] The case was subsequently reassigned to me.

[2] This test applies to both certificates of default and default judgments, though where (as here) the default is administrative only, the standard is "more forgiving." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 Fed. Appx. 453, 456 (2d Cir. 2011).

10 F.3d 90, 95–96 (2d Cir. 1993). The Court also recognizes that "'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." *Id.*

Defendant claims its repeated failures have been the result of inadvertence and excusable neglect. [ECF 28-1]. While the Defendant's failures have certainly been negligent, the Court will not find (given the limited period of period of time that the case has been before me) that they rise to the level of willfulness. *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Plaintiff does not claim it would be prejudiced by vacatur; indeed it consents. [ECF No. 29 at 2]. Finally, Defendant appears to have set forth the minimum requirements for a meritorious defense. *See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) ("Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.") (internal quotations omitted). As such, the Court will exercise its discretion to vacate the default judgment.

Defendant also asks the Court for leave to file a Motion to Dismiss. [ECF No. 28-1 at 7]. Defense Counsel allegedly realized on November 22, 2019 that he had failed to file his Motion to Dismiss that, pursuant to the Civil Case Management Plan [ECF No. 7], was due to be filed on or before July 10, 2019. *Id.* Plaintiff, understandably, objects to this request. [ECF No. 29 at 2]. Defendant previously requested the same relief from Judge Rakoff [ECF Nos. 15 at 1, 18 at 2], who impliedly denied this request and entered a default judgment [ECF No. 21]. While the preference for resolving disputes on the merits weighs in favor of vacating the Default Judgment, Defendant's argument that it should be allowed to file a Motion to Dismiss eight months late, and after the close of discovery and summary judgment briefing, is unpersuasive and abusive.

Accordingly, it is hereby ORDERED that Defendant's Motion to Vacate the Default Judgment is GRANTED in part and DENIED in part. Defendant's request for vacatur is GRANTED. However, its request to file an untimely Motion to Dismiss is DENIED.

FURTHERMORE, there is a pending motion for summary judgment by the Plaintiff [ECF No. 11] to which no opposition has been filed. The Court notes that there have been multiple requests for extensions of time to file an opposition to the motion for summary judgment which include rambling discussions touching on the merits of the motion. IT IS FURTHER ORDERED THAT Defendant may file a brief in opposition to the motion for summary judgment on or before June 2, 2020. This will be Defendant's final opportunity to submit a brief opposing the motion and no further extensions of time will be granted without a demonstration of good cause. If no opposition is filed by this date, Plaintiff's motion for summary judgment will be treated as unopposed.

**SO ORDERED.**

**Date:  May 19, 2020**
         **New York, NY**

_/s/ Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**