UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  09/18/2020
```

MARK IANTOSCA,

                              Plaintiff,

        -v-

No.  19-cv-04527 (MKV)

ELIE TAHARI, LTD.,

OPINION AND ORDER

                              Defendant.

MARY KAY VYSKOCIL, United States District Judge:

        This action arises from the unauthorized posting of a photograph to social media.  Before

the Court is a motion for partial summary judgment, pursuant to Federal Rule of Civil Procedure

56 and Local Civil Rule 56.1, on Defendant's liability for copyright infringement under 17

U.S.C. § 501.  For the reasons set forth below, Plaintiff's motion for partial summary judgment is

GRANTED.

                              I.      BACKGROUND

  A.  Factual Background

        The relevant facts are straightforward and are not disputed.  Plaintiff Mark Iantosca

("Plaintiff") is a professional photographer, and Defendant Elie Tahari, Ltd. ("Defendant") is a

luxury clothing designer.  (Rule 56.1 Statement ("56.1") ¶¶ 1–2 [ECF No. 14].)[1]  On February 7,

---

[1] The facts are taken from the Rule 56.1 Statement of Material Facts in Support of Plaintiff's Motion for Summary
Judgment [ECF No. 14]. Because Defendant did not file its own Rule 56.1 Statement or otherwise oppose Plaintiff's
Rule 56.1 Statement, these facts are deemed admitted. *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373

2019, Plaintiff photographed a digital content creator wearing Defendant's clothing (the "Photograph"). (56.1 ¶ 4.) On February 20, 2019, Defendant posted the Photograph to its Facebook and Twitter accounts. (56.1 ¶¶ 3, 6; *see* Def.'s Mem. Opp. Pl.'s Mot. Summ. J. ("Def.'s Br.") 6–7 [ECF No. 40].) Plaintiff states that Defendant "prominently displayed the Photograph" without seeking Plaintiff's permission or obtaining a license to publish it. (56.1 ¶¶ 7–9; *see* Def.'s Br. 6–7). Plaintiff sought copyright protection for the Photograph from the United States Copyright Office (the "USCO") on April 28, 2019, and received Copyright Registration Number VA 2-150-161. (Decl. Richard Liebowitz Supp. Mot. Partial Summ. J. ("Liebowitz Decl.") Ex. A [ECF No. 13-1].) The exact date on which the registration was issued is unknown because the effective "Registration Date" is simply the date of application.

B. Procedural Background

Plaintiff's complaint, filed May 16, 2019, specifically identifies Copyright Registration Number VA 2-150-161 and alleges Defendant committed copyright infringement, in violation of Sections of 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501. (Compl. ¶ 14 [ECF No. 1].) On November 8, 2019, Plaintiff filed a motion for partial summary judgment on liability and supporting papers. (Pl.'s Mot. Partial Summ. J. [ECF No. 11]; Pl.'s Mem. Supp. Mot. Partial Summ. J. ("Pl.'s Br.") [ECF No. 12]; Liebowitz Decl. [ECF No. 13]; 56.1.) Plaintiff argues that summary judgment on liability is warranted because Plaintiff owns a valid copyright registered with the USCO for the Photograph and it is undisputed that Defendant copied the Photograph without authorization by displaying the Photograph on its social media pages. (Pl.'s Br. 3–5.)

---

F.3d 241, 246 (2d Cir. 2004) (noting that per Local Civ. R. 56.2, the "failure to respond . . . allow[s] the district court to accept the movant's factual assertions as true"); *see also United States v. Rozbruch*, 28 F. Supp. 3d 256, 268 (S.D.N.Y 2014) (accepting movant's facts as true in partially unopposed motion for summary judgment).

Defendant filed multiple requests for extensions of time to file an opposition, which include rambling discussions touching on the merits of the motion.  (*See, e.g.*, Def.'s Resp. Opp. Mot. [ECF No. 16].)  After a lengthy period of delay, during which default judgment was entered against Defendant and the Court granted Defendant's Motion to Vacate the Default, the Court granted Defendant a final opportunity to submit a formal opposition to summary judgment on liability. (Order Vacating Default J. [ECF No. 38].)  Defendant filed its opposition brief shortly thereafter. (Def.'s Br.)[2]  Plaintiff then filed a supplemental reply memorandum of law.  (Pl.'s Reply Mem. Supp. Mot. Partial Summ. J. ("Pl.'s Reply") [ECF No. 43].)

Defendant challenges Plaintiff's claim by arguing that Plaintiff did not have a certificate of copyright registration for the Photograph when Plaintiff filed the complaint on May 16, 2019. (Def.'s Br. 3–5.)  Defendant also argues that it was permitted to use the Photograph without a license, even if the copyright was properly registered.  (Def.'s Br. 5–7; *see also* Def.'s Resp. Opp. Mot.).  Defendant concedes that it posted the Photograph to its social media pages on February 20, 2019, and did not seek Plaintiff's permission or otherwise obtain a license.  (Def.'s Br. 6–7; *see also* Def.'s Resp. Opp. Mot.)  Defendant asserts affirmative defenses, however, arguing that reposting the Photograph (1) constitutes permissible fair use under Section 107; (2) meets the standards for non-infringing *de minimis* use, and (3) is not copyright infringement because the Photograph depicts a model wearing Defendant's clothing line and Defendant credited Plaintiff as

---

[2] Defendant also purported to file a cross-motion for summary judgment that was many months late, not authorized by the Court's Order Vacating Default Judgment, and failed to comply with this District's Local Rules and the Court's Individual Rules. For those reasons alone it could have been rejected out of hand. The Court, however, did consider Defendant's arguments and found nothing that either warranted summary judgment in Defendant's favor or affected the Court's reasoning in this Opinion.

the photographer.  (Def.'s Br. 5–8.)  Plaintiff argues that Defendant's purported defenses are either

inapposite or invalid.  (*See generally* Pl.'s Reply.)

On August 5, 2020, the Court held oral argument on Plaintiff's motion at which Defendant

challenged the validity of Plaintiff's copyright.  (Tr. 25:12–16, 27:1–14, 29:5–25 [ECF No. 67].)[3]

With the consent of both parties (*see* Tr. 25:12–16, 27:1–14, 29:5–25), the Court issued an order

requesting that the USCO produce certified deposit copies of the works on file under Copyright

Registration Number VA 2-150-161.  (Order Requesting Certified Deposit Copies [ECF No. 55].)

The Court has since received the certified deposit copies, which confirm that Plaintiff has a

registered copyright for the Photograph.  (*See* Notice and Order 3, 5 [ECF No. 66].)

## II.   LEGAL STANDARD

Summary judgment is proper where the moving party "shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  Material facts are those that might affect the outcome of the case.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  A court

considering a motion for summary judgment must construe the evidence in the light most favorable

to the nonmoving party and draw all reasonable inferences in that party's favor.  *Niagara Mohawk*

*Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citations omitted).

Section 501 of the Copyright Act provides, "the legal or beneficial owner of an exclusive

right under a copyright is entitled . . . to institute an action for any infringement of that particular

---

[3] Citations to "Tr." are references to the transcript of the oral argument on Plaintiff's motion for partial summary judgment [ECF No. 67].

right committed while he or she is the owner of it." 17 U.S.C. § 501(b). A plaintiff may only initiate a copyright infringement action once a copyright has been registered with the USCO. 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019) (holding Section 411 requires that a copyright be registered prior to filing suit). Mere application for registration is insufficient; the work must actually be registered before the suit is filed. *Fourth Estate*, 139 S. Ct. at 888–89. "[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id*. at 887. The failure to register the copyright in advance of filing suit cannot be cured through amendment and thus warrants dismissal of the case. *Malibu Media, LLC v. Doe*, 18-cv-10956 (JMF), 2019 WL 1454317, at *2–3 (S.D.N.Y. Apr. 2, 2019).

Assuming a valid action, Plaintiff must prove two elements to establish liability for copyright infringement and prevail on summary judgment: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted); *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020). Successful opposition to a motion for summary judgment on infringement may involve demonstrating genuine issues of fact with respect to, or disproving, either or both of these elements. Registration constitutes *prima facie* evidence of ownership and validity absent an affirmative demonstration of fraud on the USCO. *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 401 (S.D.N.Y. 2016) (first citing 17 U.S.C. § 410(c); and *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992); then citing *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000)).

A defendant may also raise affirmative defenses such as fair use or *de minimis* use to defeat a finding of liability even where the plaintiff has satisfied the two elements of infringement. *See*

5

*Swatch Grp. Mgmt. Serv., Ltd. v. Bloomberg L.P.*, 861 F. Supp. 2d 336, 339 (S.D.N.Y 2012). While affirmative defenses in copyright actions are generally fact-intensive, "the court may resolve [these] issues . . . at the summary judgment stage where there are no genuine issues of material fact as to such issues." *See Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006) (citing *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991)).

Under Section 107 of the Copyright Act, "fair use of a copyrighted work . . . is not an infringement of copyright." 17 U.S.C. § 107. The statute provides four factors for courts to consider when determining whether a defendant's use of a copyrighted work is a fair use:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.*; *Blanch v. Koons*, 467 F.3d 244, 250–51 (2d Cir. 2006); *Penguin Random House LLC v. Colting*, 270 F. Supp. 3d 736, 749 (S.D.N.Y. 2017). The party asserting this defense need only prove that its use was fair; it need not prove that each factor weighs in its favor. *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476–77 (2d Cir. 2004) (first citing *Infinity Broad. Corp. v. Kirkwood*, 150 F.3d 104, 107 (2d Cir. 1998); then citing *Wright*, 953 F.2d at 740).

A *de minimis* use is one so trivial that "the law will not impose legal consequences." *On Davis v. Gap, Inc.*, 246 F.3d 152, 172, 175 (2d Cir. 2001) (citations omitted) (deeming trivial those instances of copying that are inherent in everyday life, like taking a picture with a sculpture, recording a television program, or singing a song).

## III.   DISCUSSION

The facts in this case are largely uncontested. The parties agree that Plaintiff took the Photograph and Defendant posted it to its social media accounts (indeed, Defendant credited

6

Plaintiff as the photographer).  (*See, e.g.*, Def.'s Br. 5.)  Defendant does not dispute that the Photograph was copied (*see* Def.'s Br. 5–7), and direct, uncontested evidence shows Defendant reposted the Photograph to its social media pages (*see* Compl. Ex. B [ECF No. 1-2]).  Therefore, there is no genuine factual dispute concerning the second element of Plaintiff's copyright infringement action. *See Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 140 (2d Cir. 1992).  The only factual dispute with respect to Plaintiff's claim is whether Plaintiff owned a valid copyright at the time of filing suit, thereby establishing Plaintiff's right to sue and satisfying the first element for copyright infringement liability.  And, as noted, Defendant raises several affirmative defenses to its use of the Photograph.

A.  Plaintiff Has a Validly Registered Copyright for the Photograph

As a threshold matter, Defendant challenges the Court's authority to hear this case on the ground that Plaintiff failed to obtain a valid copyright registration for the Photograph before filing this action.  (Def.'s Br. 3–5.)  Defendant's objections, however, do not withstand scrutiny.  While the particulars of registration are certainly material facts, and Defendant purports to bring a factual challenge, Defendant's arguments lack any evidentiary support and are invalid.  Accordingly, there is no "genuine dispute" and summary judgment is appropriate.

Defendant argues that the USCO did not issue a certificate of copyright registration before Plaintiff filed the complaint on May 16, 2019.  (Def.'s Br. 3–5.)  But Plaintiff's complaint states that the Photograph was registered as Copyright Registration Number VA 2-150-161.  (Compl. ¶ 9.)  The Declaration of Richard Liebowitz filed with Plaintiff's motion states that Mr. Liebowitz's firm filed the application on April 28, 2019, and that the Photograph was subsequently registered, though it does not specify when it received the certificate of registration or registration number.  (Liebowitz Decl. ¶¶ 15–16.)  The certificate of registration was not filed with Plaintiff's

motion.  Instead, attached to the Liebowitz Declaration is a screenshot of the USCO database result matching this registration number to this application date.  (Liebowitz Decl. Ex. 1.)  In opposing Plaintiff's motion, Defendant contends that eighteen days is not enough time to obtain a registration and that a copy of the certificate of registration is required because the screenshot is inadequate proof of registration.  (Def.'s Br. 3–5.)  Both arguments are red herrings.  Plaintiff's "proof" of registration is the inclusion in its complaint of a copyright registration number, VA 2-150-161.  Defendant has neither suggested how Plaintiff could have obtained a registration number without a registered copyright nor pointed to any caselaw indicating that a registration number is deficient proof.  *See Chicoineau v. Bonnier Corp.*, 18-cv-3264 (JSR), 2018 WL 6039837, at *1–2 (S.D.N.Y. Oct. 16, 2018); *Goodman v. Universal Beauty Prods. Inc.*, No. 17-cv-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018).  In order to put this issue to rest, after oral argument and with leave of Court (Order Granting Motion for Leave to File Document [ECF No. 56]), Plaintiff supplemented the record with a copy of the certificate of registration (Decl. Richard Liebowitz Ex. A [ECF No. 57-1]).

Defendant further argues, with no evidentiary support, that the photograph at issue in this case is not the photograph on deposit with the USCO for Copyright Registration Number VA 2-150-161.  (Def.'s Br. 4–5.)  It is the Defendant's obligation, during discovery, to contact the USCO and request deposit copies to be used to rebut the validity of the copyright registration.  *See Goodman*, 2018 WL 1274855, at *5.  Defendant failed to do so and now offers little more than speculation and conclusory allegations.

Notwithstanding, the Court is aware that, in at least one prior case, Plaintiff's counsel did exactly what Defendant alleges—file a complaint citing the registration number from a different photograph, where the photograph at issue was not registered until after the suit was filed.  (*See*

Notice of Order [ECF No. 51].)[4]  To assure itself that the present complaint does not suffer from a similar defect, with the consent of both sides (*see* Tr. 25:12–16, 27:1–14, 29:5–25), the Court took the somewhat unusual step of *sua sponte* ordering certified deposit copies of the works on file under Copyright Registration Number VA 2-150-161 (*see* Order Requesting Certified Deposit Copies).  The certified deposit copies prove that one of the photographs on file under Copyright Registration Number VA 2-150-161 is in fact the Photograph.  (*Compare* Compl. Ex. A, *with* Notice and Order 3.)

For the reasons set forth above, the Court finds that Plaintiff holds a validly registered copyright.  Defendant has not attempted to argue that this registration was the result of a fraud on the copyright office.  *See BWP Media*, 196 F. Supp. 3d at 401.  Accordingly, there is no triable issue of fact as to whether Plaintiff has a valid copyright for the Photograph.  Plaintiff has made out a *prima facie* case of copyright infringement and, absent a valid affirmative defense, is entitled to summary judgment on liability with respect to copyright infringement.

B.  Defendant's Affirmative Defenses Are Without Merit

Defendant further challenges Plaintiff's motion for partial summary judgment by asserting several affirmative defenses.  (Def.'s Br. 5–7.)  Specifically, Defendant argues that its reposting the Photograph (1) constitutes permissible fair use under Section 107; (2) constitutes *de minimis* use; or (3) is not copyright infringement because the Photograph depicts a model wearing Defendant's clothes and Defendant credited the Plaintiff as the photographer.  (Def.'s Br. 5–8.)  Because there are no genuine disputes of material fact that bear on these issues, the Court can

---

[4] This Notice of Order includes a copy of the decision in *Usherson v. Bandshell Artist Management.*, No. 19-CV-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), in which Judge Furman sanctioned Richard Liebowitz and his firm for, *inter alia*, filing a complaint that contained a false allegation and failing to reasonably investigate the claim, and directed that Mr. Liebowitz file a copy of that opinion and order in all currently pending cases.

resolve Defendant's affirmative defenses as a matter of law.  *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985) (evaluating the fair use affirmative defense as a matter of law after establishing the district court "found facts sufficient to evaluate each of the statutory factors"); *Bill Graham Archives*, 448 F.3d at 608.

Defendant has failed to substantiate its fair use defense.  Indeed, each of the four fair use factors outlined in Section 107 weighs in favor of Plaintiff.  First, and significantly, Defendant has not demonstrated that its use was anything other than a "commercial use" intended to advertise and sell its clothing.  *See* 17 U.S.C. § 107(1).  Moreover, Defendant's use is in no way "transformative" because it does not add "new insights and understandings" for the "enrichment of society."  *See Penguin Random House LLC*, 270 F. Supp. 3d at 750; *c.f. Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 145 (2d Cir. 1998) (listing parody, criticism, scholarship, and news reporting as classic examples of transformative use); *c.f. Blanch*, 467 F.3d at 252–53 (deeming transformative defendant's collage that used plaintiff's fashion photograph because the artwork critiqued social media).  Second, Plaintiff's work, a photograph of a model, is a typical "creative" work and therefore entitled to copyright protection.  *See Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 96 (2d Cir. 2014) (internal quotation marks omitted) ("The second factor considers whether the copyrighted work is of the creative or instructive type that the copyright laws value and seek to foster."); *see also Monster Commc'ns, Inc. v. Turner Broad. Sys., Inc.*, 935 F. Supp. 490, 494 (S.D.N.Y. 1996) (acknowledging that "photographic images of actual people, places and events may be as creative and deserving of protection as purely fanciful creations").  Third, Defendant reposted the Photograph without modification (*compare* Compl. Ex. A, *with* Notice and Order 3); therefore, the "amount and substantiality" of the use in relation to the copyright work as whole weighs in Plaintiff's favor.  *See* 17 U.S.C. § 107(3).  Finally, under

the fourth factor, Defendant's unauthorized postings of the photograph "on their face invade plaintiff['s] statutory right to license" his copyrighted work to others for reproduction. *UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000).

Equally unavailing is Defendant's argument that its use of the Photograph is *de minimis* simply because reposting another's picture has become commonplace on social media. (Def.'s Br. 5, 7.) Defendant offers no support for this contention, which, if credited, would represent a seismic shift in copyright protection. There is nothing "trivial" about a business utilizing a professional photographer's work to promote its products. *See On Davis*, 246 F.3d at 173 (rejecting *de minimis* defense in which a single, albeit important, element of an advertisement was copyrighted).[5]

Finally, Defendant has not pointed to any precedent supporting its theories that because Defendant credited the photographer in the caption of the Photograph or because Plaintiff hired the model to wear Defendant's clothing, Defendant has a right to use the Photograph. Simply put, attribution is not a defense against copyright infringement. *See Narell v. Freeman*, 872 F.2d 907, 914 (9th Cir. 1989) (finding failure to properly attribute copyrighted material weighs against fair use but "acknowledgment does not in itself excuse infringement" (citation omitted)). Additionally, an original copyrightable photograph rendition concerns not "what is depicted, but rather *how* it is depicted." *See Mannion v Coors Brewing Co.*, 377 F. Supp. 2d 444, 452 (S.D.N.Y 2005); *see also Belair v. MGA Entm't*, 831 F. Supp. 2d 687, 692 (S.D.N.Y 2011) (finding originality may derive from the "photographer's selection of lighting, shade, lens, angle, depth of field, composition, and other choices . . . that have an aesthetic effect on the final work" (citing *Leibovitz v. Paramount*

---

[5] The *de minimis* defense can also refer to trivial similarities between the copyrighted and allegedly infringing work. *See, e.g., Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997). Such cannot be the case here, where Defendant used an identical copy of the Photograph. (*Compare* Compl. Ex. A, *with* Notice and Order 3.)

*Pictures Corp.*, 137 F.3d 109, 116 (2d Cir. 1998); and *Rogers*, 960 F.2d at 307)).  Here, the Photograph's originality is clearly exemplified through the angle of the photo, the lighting, the selected pose of the model, and other artistic choices.  Since Defendant reposted an identical copy of the Photograph to its social media, Defendant's argument that the model is wearing Defendant's clothing line has no bearing on liability for copyright infringement.

Accordingly, Defendant has not presented any valid affirmative defenses to excuse as a matter of law its otherwise infringing use of the Photograph.

IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Court GRANTS Plaintiff's motion for partial summary judgment with respect to liability for copyright infringement under Section 501.  The parties are ordered to appear at a conference on October 27, 2020, at 1:30 PM to discuss the resolution of damages.  The parties should consult the Court's Individual Practice Rules and ensure compliance therewith.

**SO ORDERED.**

**Date:  September 18, 2020**                                    **MARY KAY VYSKOCIL**
     **New York, NY**                                             **United States District Judge**

12